## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CR 50002-1 | **DATE** | 3/7/2008 |
| **CASE TITLE** | USA vs. Benjamin Thoma | | |

**DOCKET ENTRY TEXT:**

Change of plea hearing held. Defendant enters plea of guilty to count 1 of the indictment. Defendant informed of rights. Judgment of guilty entered. Cause referred to the probation office for a presentence investigation. Sentencing hearing set for June 12, 2008 at 2:30 p.m.

00:30

■[ For further details see text below.]

Notices mailed by judge's staff.

### STATEMENT

Pursuant to Rule 32 (b) (2), on request, defense counsel is entitled to notice and a reasonable opportunity to attend any interview of the defendant by a probation officer in the course of a presentence investigation. It is hereby ordered that the initial presentence interview will be conducted immediately, but in no event later than 7 days from the date of the determination of guilt. Defense counsel will have waived the right to be present if he or she can not attend the interview during the allotted 7 days.

Attorneys for the government shall submit to the probation officer a version of the offense conduct not later than 14 days from the determination of guilt. The attorney for the defendant shall submit to the probation officer a version of the offense conduct not later than 21 days from the determination of guilt. These versions should also be served on opposing counsel of all defendants as to whom there has been a determination of guilt. Failure to submit a version of the offense conduct within this time frame may constitute a waiver of the right to have such material considered within the Presentence Investigation Report, and the probation officer will have the right to make determinations without regard to a version of the offense conduct submitted after that date.

Not later than 28 days prior to sentencing, the presentence investigation report shall be personally submitted to all parties, including the sentencing judge (or 30 days if submitted by mail). The presentence investigation report must be reviewed by defense counsel with the defendant personally at least 14 days prior to sentencing.

Not later than 14 days prior to the sentencing date, any objection to the presentence investigation report and/or any sentencing memorandum shall be filed by counsel for the defendant and the government. This shall include objections to the sentencing guideline and criminal history calculations and factual findings, together with any supporting legal memorandum, and shall be filed in the district court clerk's office, with copies to opposing counsel and the probation officer. **Any objection or correction not filed at that time shall be deemed a forfeiture of the objection except for good cause permitted by the Court.** Any response by the opposing side shall be filed with the clerk's office 7 days prior to the sentencing date. *Separate from any guideline or criminal history calculation objections under the guidelines, a request for a downward or upward departure or variance from the advisory guideline range calculation under the sentencing procedure enunciated in United States v. Booker and United States v. Rita shall be set forth in a written position paper filed within the same time limit and provisions as set forth regarding guideline objections. Failure to file such position paper shall be deemed a forfeiture of any request except for good cause permitted by the court. Any response by the opposing side shall be filed with the clerk's office 7 days prior to the sentencing date.*

The Court expects all parties concerned to strictly adhere to the time limits and requirements of this order. Continuance of the time limits and sentencing hearing date is not favored.