UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Judge Frederick J. Kapala |
| | ) | Case No. 07 CR 500 |
| BENJAMIN THOMA | ) | |

DEFENDANT'S MEMORANDUM ON SENTENCING

Now comes, Benjamin Thoma, by TERENCE F. MACCARTHY of the FEDERAL DEFENDER PROGRAM and its attorney HANEEF OMAR who presents the Defendant's Memorandum on Sentencing. Mr. Thoma respectfully requests a sentence of imprisonment in accordance with 18 U.S.C. §3553(a) that is sufficient but not greater than necessary to comply with the basic aims of sentencing.

The Supreme Court and Congress require the district court to sentence in accordance with 18 U.S.C. § 3553(a). *Rita*, 127 S.Ct. at 2469 (explaining that district judges are required "to filter the Guidelines' general advice through 3553(a)'s list of factors"); *Booker*, 543 U.S. at 259-60; *see also United States v. Wachowiak*, 2007 U.S. App. LEXIS 18234, at *9-10 (7th Cir. Aug. 1, 2007) (holding that after *Booker*, the Guidelines are advisory, but application of § 3553(a) is mandatory). The Supreme Court held in *Rita* that sentencing judges are required "to 'impose a sentence sufficient, but not greater than necessary, to comply with' the basic aims of sentencing" in § 3553(a). *Rita*, 127 F.3d at 2463. This is known as 3553(a)'s parsimony provision, and it serves "as the guidepost for sentencing decisions post-*Booker*." *United States v. Ferguson*, 456

F.3d 660, 667 (6th Cir. 2006). The purposes of sentencing include the need:

- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;
- to create adequate deterrence;
- to protect the public from future crimes of the defendant; and
- to provide the defendant with necessary treatment and training.

18 U.S.C. § 3553(a)(2); *Booker*, 543 U.S. at 260. Section 3553(a)(1) directs sentencing courts to also consider the nature and circumstances of the offense and the history and characteristics of the defendant.

The nature and circumstances of the offense reflect that Mr. Thoma did not intend to hurt anyone during the offense and that he was only desperate to assist his family. The pre-sentence report indicates that the day of the robbery Mr. Thoma was feverishly looking for work as he had been out of work for the past few months. Mr. Thoma was eager to catch up on his child support payments to ensure that he could maintain a positive relationship with his son and son's mother. The day of the robbery he received a telephone call from his girlfriend, Jennifer Kennielly, stating that her car was being repossessed and that she needed to come up with some money or return the vehicle. As a last resort, Mr. Thoma committed the instant offense.

Mr. Thoma understands that his conduct was inappropriate and that he should have considered multiple alternatives to his financial constraints without resulting to robbery, however, he did not intend physical or emotional harm to anyone at the bank. Mr. Thoma's actions were driven purely by desperation and as is evident by his criminal history was a marked deviation from a law abiding lifestyle.

The history and characteristics of Mr. Thoma reveal that he is a mature adult who is normally a law abiding citizen. Mr. Thoma is currently twenty-eight years old. His last criminal conviction was a misdemeanor offense for disorderly conduct which occurred seven years ago. He only has one criminal history point which stemmed from an offense that occurred when he was only seventeen years old. Mr. Thoma has matured over the years and has refrained from criminal activity.

This court should also consider that but-for Mr. Thoma's planning of the instant offense he would qualify for a guideline departure for aberrant behavior under §2K2.0 of the Sentencing Guidelines. The guidelines being advisory, this court should consider the applicability of the aberrant behavior departure and include a review of Mr. Thoma's criminal history and the aberration of the instant offense in formulating a sentence that is sufficient but not greater than necessary to comply with the basic aims of sentencing.

Although the applicable sentencing guideline range promotes respect for the law, provides just punishment, and reflects the seriousness of the offense a sentence within the guideline range may be greater than necessary to comply with the aims of sentencing in light of Mr. Thoma's history and characteristics. Specifically because Mr. Thoma and the public at large would be no more deterred by a within the guideline range sentence. Mr. Thoma's criminal history category of I displays that he is the lowest risk of recidivism contemplated by the guidelines. This court should impose a sentence that reflects Mr. Thoma's low risk of recidivism.

Mr. Thoma has accepted responsibility and is remorseful for his actions. He has already learned from the experience of being incarcerated at the Ogle County Jail. He understands that his actions have cost him time with his family and particularly his son. He respectfully requests a sentence sufficient but not greater than necessary to comply with the basic aims of sentencing.

Mr. Thoma additionally requests the following: that he be placed in a bureau of prisons facility in close proximity to Rockford. A term of supervised release of one year is requested upon release from imprisonment. With respect to restitution, all of the money taken from the bank was recovered from Mr. Thoma's person immediately after the robbery, therefore, no restitution should be in order. Finally, Mr. Thoma respectfully requests that no fine be imposed in this case as he is financially unable to pay.

Dated at Rockford, Illinois, June 2, 2008.

      Respectfully submitted,

      BENJAMIN THOMA, Defendant,

        /s/
      Haneef Omar
      Attorney for Defendant

Federal Defender Program
202 W. State St. Suite 600
Rockford, IL 61101
[815] 961-0800
[815] 961-0813 (fax)